IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE JACOBS, 125863, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | Civil Action No. 04-1941 |
| | ) | |
| SERGEANT DURKO, | ) | |
|     Defendant. | ) | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendant's Motion to Dismiss (Docket No.7) be denied without prejudice

II. Report:

Presently before the Court for disposition is the defendant's Motion to Dismiss.

Andre Jacobs, an inmate at the Allegheny County Jail has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis. In his complaint, Jacobs alleges that on December 19, 2002[1], while he was housed in the Restrictive Housing Unit at the State Correctional Institution at Greene he was being shackled by the defendant so that he could proceed to the library, when the defendant "began roughly fondling [his] genitals, then [his] buttocks without [his] consent and against [his] verbal protest"; threatened him with bodily

---

[1] The difficulty with the present motion is that the date of the events in question as set forth in the complaint is subject to ambiguity. We read the date of the events as being December 19, 2002, while the Attorney General has read the date as December 14, 2002. As discussed below, this distinction is of critical importance in resolving the instant motion.

harm if the incident was reported and that as a result the plaintiff has been labeled as a homosexual by other inmates. As a result of these actions, the plaintiff alleges he suffers from mental anguish, humiliation, ongoing harassment and nightmares. These facts are said to state a cause of action under the provisions of 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. Named as the defendant in this action, and the movant here is Sergeant Durko.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

In support of his motion to dismiss, the defendant alleges that the complaint fails to state a claim upon which relief may be granted in that it is timed barred.

Because § 1983 does not contain a statute of limitations, the most applicable state statute of limitations is applied. Here the Pennsylvania two year period. Garvin v. Philadelphia, 354 F.3d 215 (3d Cir.2003).

Although received in this Court on December 28, 2004, the plaintiff's complaint was executed on December 17, 2004 and complains about events which occurred either on

December 14, 2002, in which event it is time barred, or on December 19, 2002, in which event it is not time barred.

Accordingly, at this juncture and until the ambiguity can be definitively resolved, it is recommended that the defendant's motion to dismiss be denied without prejudice.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/ Robert C. Mitchell

Robert C. Mitchell,
United States Magistrate Judge

Dated: July 26, 2005