IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS,<br>       Plaintiff, | )<br>)<br>)<br>)<br>)<br>) |
| vs. | ) Civil Action No. 04-1941<br>)<br>) |
| STEPHEN DURKO,<br>       Defendant. | )<br>) |

## MEMORANDUM ORDER

Conti, District Judge.

On September 18, 2006, plaintiff Andre Jacobs filed an amended civil rights complaint against defendant Stephen Durko. The plaintiff alleges that on December 19, 2002, while he was incarcerated at the State Correctional Institution at Greene, PA ("SCIG"), he was handcuffed and being shackled in preparation for his transport to the SCIG library when the defendant, who was then a correctional officer at SCIG, wrapped his arm around plaintiff's neck and yanked back, warning plaintiff that if he moved, the defendant would break his neck in retaliation for his prior litigation against prison officials. The plaintiff contends that immediately thereafter, and without his consent, the defendant sexually assaulted him by roughly groping his genitals and buttocks. In addition, the plaintiff alleges that in September 2002, after the defendant learned he was preparing to file a lawsuit, his housing status was demoted in retaliation for his anticipated litigation. These allegations are said to have violated the plaintiff's First, Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and constitute common law torts of assault and battery.

On April 23, 2007, the defendant moved for summary judgment on the plaintiff's federal claims. On May 17, 2007, the plaintiff filed a brief opposing summary judgment. On June 29, 2007, a Report and Recommendation (the "R&R") was issued by the United States Magistrate Judge, in which it was recommended that the defendant's motion for summary judgment with respect to the federal claims be granted, and that the plaintiff's state law claims be dismissed.

The parties were given an opportunity to file written objections to the R&R, and on July 16, 2007, the plaintiff filed objections. In objecting to the recommended grant of summary judgment on his federal law claims, the plaintiff first argues that the R&R improperly concluded that, as a matter of law, the alleged assault on plaintiff by defendant did not constitute cruel and unusual punishment. For the reasons discussed below, this court declines to follow the R&R's recommendation and finds that summary judgment cannot be granted in favor of defendant with respect to plaintiff's Eighth Amendment claim.

The Eighth Amendment protects against cruel and unusual punishment. *See* U.S. Const. amend. VIII. The use of excessive force or sexual abuse by a prison official on a prisoner can rise to the level of an Eighth Amendment violation.[1] *See Smith v. Mensinger,* 293 F.3d 641 (3d Cir. 2002) (excessive force); *Jones v. Culinary Manager II*, 30 F. Supp. 2d 491,493 (E.D. Pa. 1998) (sexual abuse); *Boddie v. Schneider*, 105 F.3d 857 (2d Cir. 1997) (sexual abuse). To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element. *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991)*; Thornton v. Nash*, No. 06-4727, 2007 WL 433393, at *6 (D.N.J. Feb. 5, 2007), citing *Farmer v. Brennan*, 511 U.S. 825,

---

[1] The parties, as well as the R&R, have analyzed plaintiff's Eighth Amendment claim strictly as a sexual abuse claim. In light of the conduct alleged to have been committed by defendant Durco during the December 19, 2002 incident, however, plaintiff's Eighth Amendment claim could also be analyzed as an excessive force claim.

834 (1994). The objective element questions whether the deprivation of a basic human need is sufficiently serious; the subjective component asks whether the official acted with a sufficiently culpable state of mind such that his or her actions could be characterized as "wanton" conduct. *Wilson*, 501 U.S. at 298-99 (citing *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). The objective component is "contextual and responsive to contemporary standards of decency." *Hudson v. McMilliam*, 503 U.S. 1, 8 (1992) .

The pivotal inquiry in an excessive use of force claim is whether force was applied in a good-faith effort to maintain and restore discipline, or maliciously and sadistically to cause harm. *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) (citing *Hudson*, 503 U.S. at 7). When prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated, even if the resulting injuries are not significant. *Hudson,* 503 U.S. at 9; *Smith,* 293 F.3d at 647. In determining whether a correctional officer has used excessive force in violation of the Eighth Amendment, courts look to several factors including: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of the injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of facts known to them; and (5) any efforts made to temper the severity of the forceful response. *Brooks*, 204 F.3d at 106 (citing *Whitley*, 475 U.S. at 321).

Here, it is undisputed that there was no need for the application of force. Defendant Durco, who denies that he committed the assault alleged by plaintiff, does not assert that a need for the application of force existed at the time in question or that any threat to his safety or the safety of anyone else existed. Moreover, plaintiff claims that he was handcuffed, shackled and

kneeling at the time of the alleged assault. (Doc. No. 75 ¶ 10). Despite the lack of need for force, according to plaintiff, defendant Durco wrapped his arm around plaintiff's neck and yanked back, warning plaintiff that if he moved, the defendant would break his neck, then roughly groped plaintiff's genitals and buttocks. If the jury were to credit plaintiff's testimony that the assault was unprovoked and unjustified, the jury could find that defendant Durco acted not merely in good faith to maintain or restore discipline, but rather out of malice for the very purpose of causing harm. *See Brooks*. Accordingly, this court cannot find, as a matter of law, that the alleged assault on plaintiff by defendant does not rise to the level of an Eighth Amendment violation.[2] *See id.* at 106 ("[s]ummary judgment in favor of a defendant is not appropriate if 'it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain'") (quoting *Whitley*, 475 U.S. at 322); *see also Smith,* 293 F.3d at 649 (holding that the district court erred in granting summary judgment in favor of defendants, in part, because the district court failed to accept as true plaintiff's allegation that he was the victim of an unprovoked and unjustified beating).

The R&R analyzed plaintiff's Eighth Amendment claim only as a sexual assault claim and not as an excessive force claim. Even analyzing plaintiff's Eighth Amendment claim purely as a sexual assault claim, this court still finds that summary judgment in favor of defendant is not appropriate.

---

[2] With regard to injuries, plaintiff complained of pain in his testicles as a result of the alleged assault and requested medical attention, but has not complained of any serious injuries resulting from the alleged assault. (Doc. No. 74-4 ¶¶ 24, 25). The United States Court of Appeals for the Third Circuit and the Supreme Court, however, recognize that force which results in only minor injuries can violate the Eighth Amendment if it is used maliciously and sadistically to cause harm. *Brooks,* 204 F.3d at 108 (citing *Hudson*, 503 U.S. at 9).

The R&R concludes that while sexual assaults on inmates by prison personnel constitute Eighth Amendment violations, an isolated incident of offensive touching, such as the one alleged here by plaintiff, is not a recoverable Eighth Amendment violation. (R&R at 3). In reaching this conclusion, the R&R relies heavily upon *Thornton v. Nash*, 2007 WL 433393, at *12. In *Thornton* the district court dismissed an inmate-plaintiff's Eighth Amendment claim based upon an inappropriate pat-down search. (R&R at 3). This court, however, is not able to conclude that *Thornton* is dispositive of plaintiff's Eighth Amendment claim due to the factual differences between the sexual assault alleged here by plaintiff Jacobs and the one alleged by the plaintiff in *Thornton*. In *Thornton*, the plaintiff alleged that the defendants grabbed his buttocks in an offensive and inappropriate manner while they conducted a pat down search of the plaintiff for contraband. *Thornton*, 2007 WL 433393, at *11. There is no allegation that the *Thornton* defendants roughly groped the plaintiff's genitals or even touched the plaintiff's genitals. The conduct alleged by plaintiff Jacobs is significantly different than the conduct in *Thornton*.[3] Here, Jacobs claims that defendant Durko "roughly" groped his genitals as well as his buttocks. Most telling, the alleged conduct in *Thornton* was admitted to be part of a pat down search in which

---

[3]Allegations of genital touching are similarly absent in the sexual assault cases cited by defendant in his Brief in Support of Motion for Summary Judgment which support his position that the subject incident is not objectively, sufficiently serious to constitute a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *See Thornton*; *Boddie*; *Jones*, 30 F. Supp. 2d at 493 (plaintiff alleged that defendant "grinded" on plaintiff's buttocks while both men were fully clothed); *Berryhill v. Schriro*, 137 F.3d 1073, 1075 (8th Cir. 1997) (defendants allegedly grabbed plaintiff's buttocks); *Kaestner v. Mitchell*, No. 96-2370, 1996 WL 428357, at *1 (N.D. Cal. July 24, 1996) (defendant allegedly stood closer to plaintiff than necessary and grabbed plaintiff's buttocks); *Duncan v. Keane*, No. 95-1090, 1995 WL 649931, at *6 (S.D.N.Y. Nov. 6, 1995) (plaintiff alleged the defendant "felt all over the plaintiff['s] rear end"); *Jackson v. Madery*, 158 Fed. Appx. 656, 661 (6th Cir. 2005) (defendant allegedly rubbed and grabbed plaintiff's buttocks during a "shakedown" in the cafeteria). Although in *Williams v. Kane*, No. 95-0379, 1997 WL 527677, at *1 (S.D.N.Y. Aug. 25, 1997), the plaintiff alleged that the defendant put his hand down the plaintiff's pants and "felt my testicles," this occurred during a pat-frisk and the plaintiff did not allege that the defendant touched him roughly or otherwise acted in a violent or threatening manner.

touching had to occur.  Defendant Durko, however, does not aver that the alleged touching at issue here was part of a pat down; rather, defendant's statements are that the touching did not occur.  (Doc. No. 71-4 at 297, 308-09).

The R&R also references *Boddie* in support of the argument that isolated episodes of harassment and touching, while despicable, do not constitute Eighth Amendment violations. (R&R at 4 n.3).  The sexual conduct alleged in *Boddie*, however, is factually dissimilar from the assault alleged here.  The assault in *Boddie* involved a female corrections officer who allegedly "touched" the plaintiff's penis once with her hand and a second time "with her whole body vagina against penis pinning [him] to the door." *Boddie,* 105 F.3d at 859-60.  There was no allegation or inference that the offensive touching was rough or painful.  Here, however, plaintiff Jacobs alleges that Durko "roughly" groped his genitals and buttocks immediately after wrapping his arm around Jacobs' neck, yanking back and whispering into Jacobs' ear, "[i]f you move or say anything, I'll break your fucking nigger neck."

When the Eighth Amendment is implicated, the societal standards of decency at the time of the incident need to be considered.  *See Hudson,* 503 U.S. at 8-9 (recognizing that the objective component of an Eighth Amendment claim is "contextual and responsive to 'contemporary standards of decency'") (citations omitted); *see also Rodriguez v. McClenning*, 399 F. Supp. 2d 228, 237-38 (S.D.N.Y. 2005) (noting that developments in states' laws since *Boddie* indicate that contemporary standards of decency have evolved to condemn the sexual assault of prison inmates by prison employees); *Bromell v. Idaho Dep't of Corr.*, No. 05-419, 2006 WL 319157, *4 (D. Idaho Oct. 31, 2006) (finding that "uninvited sexual contact that is done maliciously and sadistically to cause harm and that does not advance any legitimate security

interest is the type of conduct that is 'inconsistent with contemporary standards of decency' and, therefore, violates the Eighth Amendment") (citations omitted).  The jury here will need to determine if the testimony of plaintiff is credible, and if so, whether defendant's conduct violated contemporary standards of decency.

Based upon the particular facts of this case and the need for a jury to consider contemporary standards of decency, *see Smith*, 293 F.3d at 647 (prison guards who maliciously and sadistically use force against an inmate violate contemporary standards of decency even if the resulting injuries are not significant); *Rodriguez*, 399 F. Supp. 2d at 237-38 (given contemporary standards of decency, the defendant's alleged caressing of the plaintiff's chest and repeated groping of the plaintiff's genitals and buttocks during a pat-frisk violated the plaintiff's Eighth Amendment rights); *Bromel*, 2006 WL 319157 at *1, 4 (defendant's alleged conduct, that he placed his penis against the plaintiff's buttocks, then squeezed the plaintiff's genitals and said, "You fuckin' inmates must like this shit if you're in here.  Do you like it when I do this?" was inconsistent with contemporary standards of decency), this court cannot find, as a matter of law, that the assault, if plaintiff is credited by the jury, does not constitute an Eighth Amendment violation.  As such, defendant's motion for summary judgment with respect to this claim is denied.

The plaintiff also objects to the R&R's finding that his retaliation claim fails because he did not exhaust his administrative remedies as mandated by 42 U.S.C. § 1997(e)(a).  This objection lacks merit, as the R&R properly determined that the plaintiff did not submit an inmate grievance alleging that the defendant retaliated against him for engaging in litigation.  (R&R at 5-6).

Finally, assuming summary judgment would be granted on plaintiff's federal law claims, the R&R recommended that plaintiff's common law tort claims be dismissed due to the lack of remaining federal law claims. In objecting to the recommendation, plaintiff argues that considerations of judicial economy and convenience weigh in favor of the court exercising its supplemental jurisdiction over his state law claims.

In light of the aforementioned denial of defendant's summary judgment motion as to plaintiff's Eighth Amendment claim, a viable federal claim remains and this court, therefore, retains supplemental jurisdiction over plaintiff's state law claims. *See* 28 U.S.C. § 1367(a). Pursuant to 28 U.S.C. § 1367(c), however, even if all of plaintiff's federal claims were dismissed, it would be within the court's discretion to retain supplemental jurisdiction over plaintiff's state law claims.[4] *See* 28 U.S.C. § 1367(c)(3).

In deciding whether to retain jurisdiction where no viable federal claim remains, the court must consider the factors of judicial economy, convenience and fairness to the litigants. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also In re Paoli R.R. Yard PCB Litig. v. SEPTA,* 35 F.3d 717, 737 (3d Cir.1994) (holding that the district court, after weighing the factors of judicial economy, convenience and fairness to the litigants, acted within the ambit of its discretion in retaining jurisdiction). These factors favor retention of jurisdiction here. To that end, this case is not at an early stage in these proceedings. Rather, the parties have already completed discovery and the case is ready for trial. Plaintiff is represented by counsel on a *pro*

---

[4]Subsection (c) of section 1367 provides that a district court may, in its discretion, decline to exercise jurisdiction if any of four conditions are met; one of these conditions is if "the district court has dismissed all claims over which is has original jurisdiction." 28 U.S.C. § 1367(c)(3); *see Growth Horizons, Inc. v. Delaware County, Pa*., 983 F.2d 1277, 1284 (3d Cir. 1993) (holding that the district court has both jurisdiction over the state claim and discretion to either exercise or not exercise that jurisdiction).

*bono* basis, who has already devoted significant time and resources to this action. In these circumstances, dismissing plaintiff's state law claims at this late stage, thereby forcing plaintiff to file a new action in state court, would be judicially wasteful, inconvenient for the parties and unfair. *See Zezulewicz v. Port Auth. Of Allegheny County*, 290 F. Supp. 2d 583, 601(W.D. Pa. 2003) (deciding to exercise supplemental jurisdiction over the plaintiff's state law claims, due, in part, to the fact that the parties had already completed extensive discovery); *Growth*, 983 F.2d at 1285 (noting that "[i]f the dismissal of the main claim occurs late in the action, ... knocking [the dependant claims] down with a belated rejection of supplemental jurisdiction may not be fair ") (citation omitted). As such, even if all of plaintiff's federal law claims were dismissed, this court, in the exercise of its discretion, would continue to exercise jurisdiction over plaintiff's remaining state law claims.

Therefore, having considered objections filed by plaintiff, and upon independent review of the pleadings, and the R&R,

IT IS ORDERED as follows:

    a.) Defendant's motion for summary judgment (Document No. 68) is DENIED with respect to plaintiff's Eighth Amendment claim; and

    b.) Defendant's motion for summary judgment (Document No. 68) is GRANTED with respect to plaintiff's retaliation claim;

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated: September 17, 2007

cc:    All Counsel of Record

    Honorable Robert C. Mitchell
    United States Magistrate Judge