IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE JACOBS,<br>    Plaintiff, | )<br>)<br>) |
| v. | ) Civil Action No. 04-1941<br>) |
| STEPHEN DURIO,<br>    Defendant. | )<br>)<br>) |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendant's renewed Motion for Summary Judgment (Docket No.96) be denied.

II. Report:

Presently before the Court for disposition is the defendant's renewed motion for summary judgment.

On September 18, 2006, plaintiff Andre Jacobs filed an amended civil rights complaint against defendant Stephen Durko. The plaintiff alleges that on December 19, 2002, while he was incarcerated at the State Correctional Institution at Greene, PA ("SCIG"), he was handcuffed and being shackled in preparation for this transport to the SCIG library when the defendant, who was then a correctional officer at SCIG, wrapped his arm around plaintiff's neck, and yanked back, warning plaintiff that if he moved, the defendant would break his neck in retaliation for his prior litigation against prison officials. The plaintiff contends that immediately thereafter, and without his consent, the defendant sexually assaulted him by roughly groping his genitals and buttocks. In addition, the plaintiff alleges that in September 2002, after the defendant learned he was preparing to file a lawsuit, his housing status was demoted in retaliation for his anticipated litigation. These allegations are said to have violated the plaintiff's

1

First, Eighth and Fourteenth Amendment rights under 42 U.S.C. § 1983 and constitute common law torts of assault and battery.[1]

Named as the sole defendant, and the movant here is Stephen Durio a Sergeant at SCIG.

It is provided in 42 U.S.C. §1983 that:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Summary judgment is appropriate where there are no material issue of fact and the movant is entitled to judgment as a matter of law. Biener v. Calio, 361 F.3d 206 (3d Cir.2004). In opposing a motion for summary judgment, a party cannot rest on mere reassertions of the matter raised in the complaint but must demonstrate by record evidence that material issues of fact exist for resolution at trial. Orsetti v. New Jersey, 71 F.3d 480 (3d Cir.1995).

On September 17, 2007, Judge Conti granted the defendant's motion for summary judgment on the plaintiff's claim of retaliation but denied summary judgment on his Eighth Amendment claim.[2] The defendant has now filed a second motion for summary judgment.

Sexual assaults on inmates by prison personnel constitute Eighth Amendment violations. Farmer v. Brennan, 511 U.S. 825 (1994). The Farmer Court observed:

The Eight Amendment protects against cruel and unusual punishment ... "the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment"... In order to hold an officer liable for violating the Eighth Amendment, two requirements must be met: 1) "the alleged punishment must be objectively, sufficiently serious" and 2)"the prison

---

[1] See: Jacobs v. Durko, 2007 WL 2769436 *1 (W.D.Pa.).

[2] Id. at *5.

official must have a 'sufficiently culpable state of mind.'"

511 U.S. at 828.

That is, because if true, the alleged offensive touching is "sufficiently serious" [3] the focus of the inquiry here must be directed as to the culpability of the actor. In support of his motion, the defendant contends that because the plaintiff did not suffer physical injury he cannot recover for emotional distress pursuant to the Prison Litigation Reform Act, 42 U.S.C. 1997e(e) ("PLRA") which provides:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In <u>Mitchell v. Horn</u>, 318 F.3d 523, 533 (3d Cir.2003), the Court held that under the PLRA in order to set forth a claim of emotional injury, an inmate must set forth more than a *de minimus* but less than a "significant" physical injury. However, the Court further observed that even absent minimal injury, an inmate may still maintain his action for nominal or punitive damages or equitable relief.[4] Additionally, in his amended complaint, the petitioner alleges that he "has suffered, and/or continued to suffer, physical pain, severe mental anguish, humiliation, embarrassment, harassment, gruesome nightmares, and other injuries."[5] These allegations are no where contradicted in the record, nor can we conceive of how, short of the plaintiff's recantation, they could be refuted. Additionally, in his declaration, the plaintiff states that three times

---

[3] Id. at *1 and cases cited therein.

[4] In his amended complaint, the petitioner seeks inter alia nominal and punitive damages as well as other relief deemed appropriate. Amended Complaint at Counts I, III, IV and V.

[5] See: Amended complaint at ¶¶ 36, 48 and the plaintiff's declaration (Docket No. 100-2) at ¶ 15.

immediately after the incident about which he complains, he requested and was denied medical attention.[6] All these declarations are uncontradicted and thus, on the face of the record, at least a minimal showing of physical injury has been made, and for this reason, as well as the reasons set forth above, the defendant's motion under the PLRA is without merit.

Additionally, as has been previously set forth, this case has remained viable as an Eighth Amendment protection against cruel and unusual punishment. As Judge Conti observed,

> the pivotal inquiry in an excessive use of force claim is whether force was applied in a good-faith effort to maintain and restore discipline, *or maliciously and sadistically to cause harm..*
>
> Here, it is undisputed that there was no need for the application of force ... If the jury were to credit plaintiff's testimony that the assault was unprovoked and unjustified, the jury could find that defendant Durco acted not merely in good faith to maintain or restore discipline, but rather out of malice for the very purpose of causing harm.[7]

Thus, as an excessive force claim, the plaintiff's allegations are merely contradicted by the defendant, and the matter becomes as issue for resolution by the jury.

Accordingly, because the instant claim can proceed either under the PLRA or the Eighth Amendment, it is recommended that the defendant's renewed motion for summary judgment be denied.

Within thirteen (13) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

---

[6] See: Docket No. 100-2 at ¶¶ 19, 22, 24.

[7] See: 2007 WL 276936*2 (emphasis added).

|                            | Respectfully submitted, |
|                            | s/Robert C. Mitchell, |
| Entered: August 14, 2008   | United States Magistrate Judge |